IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**HUMANE FARM ANIMAL CARE, INC.**
d/b/a Certified Humane,

 **Plaintiff,**

v.               Case No. 1:25-cv-796

**CERTAIN UNDERWRITERS LLOYD'S
OF LONDON, LLOYD'S LONDON
SYNDICATES KNOWN AS:**

**DUW (#1729),
HAM (#4000),
AML (#2001), and
WBC (#5886),**

 **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

Plaintiff HUMANE FARM ANIMAL CARE, INC. d/b/a Certified Humane ("HFAC"), by and through its undersigned counsel, hereby sues defendants CERTAIN UNDERWRITERS LLOYD'S OF LONDON, LLOYD'S LONDON SYNDICATES KNOWN AS DUW (#1729), HAM (#4000), AML (#2001), and WBC (#5886) ("Underwriters"), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory judgment and breach of contract.

2. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship between HFAC and Underwriters, and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interests, and costs.

3. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201 & 2202 and is authorized to grant declaratory relief under these statutes.

4. HFAC is a not-for-profit corporation formed under the laws of the District of Columbia, with its principal place of business in the Commonwealth of Virginia.  As such, HFAC is a citizen of both the District of Columbia and Virginia.

5. Underwriters are an unincorporated association comprised of Syndicates DUW (#1729), HAM (#4000), AML (#2001), and WBC (#5886). Underwriters are insurance underwriters that participate in the insurance market known as Lloyd's of London ("Lloyd's). At Lloyd's, insurance underwriters form syndicates to jointly price and underwrite risk. These syndicates enter into insurance contracts on behalf of their members, and the members share the premiums, risk, and liability on these contracts. Each Lloyd's syndicate is identified by its syndicate number.

6. The members and/or managing agents of Underwriters DUW (#1729), HAM (#4000), AML (#2001), and WBC (#5886) are incorporated in and have their principal place of business in the United Kingdom.  Underwriters are accordingly citizens of the United Kingdom.

7. Underwriters contracted—by and through the syndicates of which they are members—to insure HFAC for professional liability coverage under Policy Number 2434170104 (the "Policy"). A copy of the Policy, identifying Underwriters as the "Insuring Companies," is attached hereto as Exhibit "A."

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims occurred within the Eastern District of Virginia, including issuance and delivery of the Policy.

9. This Court has personal jurisdiction over Underwriters because HFAC's claims arise out of, among other things, Underwriters conducting, engaging in, and/or carrying on business in Virginia; Underwriters breaching a contract in this state by failing to perform acts required by

contract to be performed in this state; and Underwriters contracting to insure interests in Virginia. Underwriters also purposefully availed themselves of the opportunity of conducting activities in Virginia by marketing their insurance policies and services within the state, and intentionally developing relationships with brokers, agents, and customers within the Commonwealth.

10. Under the applicable law and in accordance with the Policy's Service of Suit Clause (Section XII), service of process in this action against Underwriters may be made upon Lloyd's America, Inc., Attention: Legal Department, 280 Park Avenue, East Tower, 25th Floor, New York, NY 10017.

## MATERIAL FACTS

11. On or about February 19, 2025, Underwriters issued Policy of Insurance Number 2434170104, providing professional liability coverage to HFAC (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A."

12. The Policy is a "claims made" policy providing coverage for claims made during the period from January 1, 2025 to January 1, 2026.

13. The Policy provides limits of one million dollars per occurrence and one million dollar annual aggregate limit.

14. In the Policy, Underwriters agreed:

> The Underwriters will pay on behalf of the **Insured** those sums that the Insured shall become legally obligated to pay as **Damages** and **Defense Costs** by reason of a **Claim** first made against the Insured during the **Policy Period** arising out of an alleged or actual negligent act, error or omission in rendering or failing to render **Professional Services** by the **Insured** or by any person for whose negligent acts, errors or omissions the Insured is legally responsible but only if each such negligent act, error or omission was committed or alleged to have been committed on or after the **Retroactive Date** and before the end of the **Policy Period** and provided that the **Claim** is first reported during the **Policy Period** or within thirty (30) days after the expiration of the **Policy Period**.

Policy at Section I (all emphases in original).

15. The Policy defines a "Claim" as "a demand received by the Insured for money or services, including the service of suit or institution or arbitration proceedings, against the Insured."

16. On or about February 14, 2025, HFAC received a letter from Richman Law & Policy, a law firm representing Leilani Taylor (the "Richman Letter"). The Richman Letter asserted that HFAC violated California consumer protection laws by improperly certifying that the Alexandre Family Farm ("AFF") complied with HFAC's certification standards. A copy of the Richman Letter is attached as Exhibit "B."

17. The Richman Letter threatened to file a lawsuit within 30 days if HFAC did not comply with its demands within thirty days.

18. Prior to receipt of the Richman Letter, HFAC never received any communication from or on behalf of Leilani Taylor or Richman Law & Policy.

19. Prior to the Richman Letter, HFAC never received any demand alleging wrongdoing or demanding services or money relative to any act, omission, or other conduct relating to AFF.

20. HFAC promptly notified Underwriters of the threatened action (the "Notification") and included a copy of the Richman Letter with the Notification.

21. HFAC requested Underwriters to provide a defense and to indemnify HFAC against any potential loss under the Policy (within Policy limits) stemming from the issues addressed in the Richman Letter.

22. On or about March 7, 2025, prior to the expiration of the 30-day pre-suit period set forth in the Richman Letter, Leilani Taylor instituted a civil action against AFF and HFAC in the United States District Court Southern District of California (the "Taylor Complaint"). A copy of the Taylor Complaint is attached as Exhibit "C."

23. The Taylor Complaint is a Claim under the Policy.

24. Underwriters denied HFAC's request for a defense and indemnification. *See* letter attached hereto as Exhibit "D" (the "Denial Letter").

25. HFAC is currently defending the claims in the Taylor Complaint without participation, contribution, or assistance of Underwriters.

26. Underwriters have no good faith basis for refusing to provide a defense or indemnification under the Policy.

27. All conditions precedent to the filing of this action have occurred, including compliance with premium payment obligations and all applicable provisions of the Policy, or such conditions have been waived.

## COUNT I
## DECLARATORY ACTION

28. HFAC realleges and incorporates by reference paragraphs 1 through 27 of this Complaint as if restated in full herein.

29. Under 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights and other legal relations of the parties in dispute.

30. The Parties' interpretation of their respective rights and obligations under the Policy are in dispute with respect to the denial of coverage made by Underwriters, including whether Underwriters owe a duty to defend and a duty to indemnify, a duty to reimburse HFAC for its Defense Costs (as defined under the Policy) to date, and such other and further rights as HFAC may have under the Policy.

31. Neither HFAC nor Underwriters previously have filed an action seeking determination of their respective rights, duties and obligations under the Policy.

32. A real, identifiable, and justiciable cause or controversy exists because Taylor has brought a civil action against HFAC, which action is continuing, and which seeks damages for

alleged failures of HFAC in connection with its "Professional Services," as defined under the Policy, and because Underwriters have refused to provide coverage under the Policy.

WHEREFORE, HFAC respectfully requests that this Court:

1. Take jurisdiction of this matter;

2. Enter final declaratory judgment that Underwriters has an obligation of one million dollars to defend and a duty to indemnify HFAC for the claims in the Taylor Complaint; and,

3. Award costs and reasonable attorneys' fees as well as any further relief that this Court deems proper and just.

## COUNT II
## BREACH OF CONTRACT

33. HFAC realleges and incorporates by reference paragraphs 1 through 27 of this Complaint as if restated in full herein.

34. HFAC'S Policy is an insurance contract under which Underwriters were paid premiums in exchange for promises to defend and indemnify HFAC for claims covered by the Policy.

35. Specifically, the Policy, Section I, states:

> The Underwriters will pay on behalf of the **Insured** those sums that the Insured shall become legally obligated to pay as **Damages and Defense Costs** by reason of a **Claim** first made against the Insured during the **Policy Period** arising out of an alleged or actual negligent act, error or omission in rendering or failing to render **Professional Services** by the **Insured** or by any person for whose negligent acts, errors or omissions the Insured is legally responsible but only if each such negligent act, error or omission was committed or alleged to have been committed on or after the **Retroactive Date** and before the end of the **Policy Period** and provided that the **Claim** is first reported during the **Policy Period** or within thirty (30) days after the expiration of the **Policy Period**. (Emphases in original)

36. The Taylor Complaint is a Claim covered by the Policy.

37. Underwriters, without justification, have refused performance under the Policy by denying coverage for the Taylor Complaint. Accordingly, Underwriters are in breach of the

Policy.

38. As a result of Underwriters' breach of the Policy, HFAC has been damaged, and will continue to be damaged, by denial of access to one million dollars of defense and indemnification under the Policy.

WHEREFORE, HFAC demands judgment against Underwriters for compensatory damages, plus attorneys' fees, costs, interest and such further relief that this Court may deem just and proper.

**JURY TRIAL DEMANDED**.

Respectfully submitted,

**Potter & Murdock, P.C.**

/s/ John M. Murdock_____
John M. Murdock (VSB # 26647)
252 N. Washington St.
Falls Church, VA 22046
Tel:  (703) 992-6950
Email:  jmurdock@pottermurdock.com
*Counsel for Plaintiff*